U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 17 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:18-CR-132-A |
| | § | |
| JOHN COCHRAN | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the unopposed motion of defendant, John Cochran ("Cochran"), to file notice of appeal out of time. Having considered the motion, the supporting affidavit, and applicable authorities, the court finds that the motion should be granted.

I.

### Background

On November 16, 2018, the court entered a judgment in the above-captioned matter. According to Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, Cochran had 14 days from the date of the judgment to file a notice of appeal, giving him a deadline of November 30, 2018. On December 6, 2018, six days past the deadline, Cochran filed a notice of appeal.

Rule 4(b)(4) of the Federal Rules of Appellate Procedure requires the court to make a finding of excusable neglect or good cause before extending the time to file a notice of appeal. Accordingly, on December 6, 2018, the court ordered Cochran to provide evidence, by an appropriate written filing supported by

affidavit or declaration, that Cochran contends supports such a finding.

On December 14, 2018, Cochran moved to file a notice of appeal, along with an affidavit that he contends supports a finding of excusable neglect or good cause. In the affidavit, Cochran's counsel, Steve Jumes ("Jumes"), claims that, on November 16, 2018, Cochran told him that he did not wish to appeal his conviction or sentence. Jumes states that, the afternoon of November 30, 2018, his office received a letter from Cochran expressing his desire to appeal his sentence. Jumes explains that the letter was scanned into Cochran's electronic file the same afternoon, but that Jumes was busy representing someone else and failed to check Cochran's electronic file that day. Jumes further explains that Cochran's letter was misplaced after it was scanned into his electronic file. Jumes also affirms that the United States of America ("United States") does not oppose his motion to file a notice of appeal.

II.

## Applicable Legal Principles

According to Rule 4(b)(4) of the Federal Rules of Appellate Procedure, the court may extend the time to file a notice of appeal upon a finding of excusable neglect or good cause. The excusable neglect standard allows courts "to accept late filings

caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993).[1] In determining whether neglect is excusable, courts consider "the danger of prejudice to the [non-filing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395.

An attorney's failure to file a notice of appeal as demanded by his client constitutes ineffective assistance of counsel and, thus, excusable neglect. United States v. Clark, 193 F.3d 845, 847 (5th Cir. 1999); see also United States v. McKenzie, 99 F.3d 813, 815-16 (7th Cir. 1996) (affirming finding that defendant's neglect was excusable, because attorney's failure to timely appeal as instructed by defendant's timely request constituted per se ineffective assistance of counsel). In such cases, we do not hold clients responsible for their attorneys' negligent

---

[1] Although Pioneer interpreted "excusable neglect" in Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, Pioneer applies to "excusable neglect" in Rule 4(b)(4) of the Federal Rules of Appellate Procedure. United States v. Clark, 51 F.3d 42, 44 (5th Cir. 1995).

3

failure to file a timely notice of appeal. Clark, 193 F.3d at 846.[2]

III.

Analysis

Jumes's failure to carry out Cochran's timely request for appeal supports a finding of excusable neglect. The afternoon Cochran's notice of appeal was due, Jumes received a letter from Cochran instructing him to appeal his sentence, which Jumes failed to do. Jumes could have checked Cochran's electronic file or arranged for office staff to alert him of correspondence from Cochran, but Jumes did neither. As a result, Cochran's failure to file a timely notice of appeal is attributable to his attorney's ineffectiveness, and, therefore, Cochran's neglect is excusable.

The Pioneer factors also weigh in favor of finding that Cochran's neglect is excusable. Cochran represents that the United States does not oppose his motion to file a notice of appeal, suggesting that granting the motion would not prejudice

---

[2] In Pioneer, the Court rejected the appellant's argument that its neglect was excusable because its attorney, not the appellant, was negligent. 507 U.S. at 397. But, ineffective assistance of counsel cases are different from cases, such as Pioneer, in which attorneys claim they appealed late because they misunderstood the federal rules. Clark, 193 F.3d at 847. Finding excusable neglect in those cases would lead every attorney to claim that he missed a deadline because he misunderstood the rules. Id. Further, Pioneer's "your lawyer, your fault" principle should be applied less stringently in criminal cases. United States v. Munoz, 605 F.3d 359, 369 (6th Cir. 2010) (citing Stutson v. United States, 516 U.S. 193, 196 (1996)). And, under agency law principles, when an attorney acts adversely to his client's interests, the attorney's misconduct should not be imputed to the client. Downs v. McNeil, 520 F.3d 1311, 1320-21 (11th Cir. 2008).

the United States. Cochran also filed the motion only two weeks after his notice of appeal was due, and there is no indication that a two-week delay would impair judicial proceedings. As explained above, the delay is attributable to Jumes's failure to carry out his client's instructions, which was not reasonably within Cochran's control. And, it was Jumes's negligence, not a bad-faith attempt to disadvantage the United States, that resulted in the delay. Thus, the <u>Pioneer</u> factors further weigh in favor of finding that Cochran demonstrated excusable neglect.

For these reasons, the court finds that Cochran demonstrated excusable neglect, and, as a result, should be allowed to file a notice of appeal.

Therefore,

The court ORDERS that Cochran's motion to file a notice of appeal be, and is hereby, granted, and that the notice of appeal filed by Cochran on December 6, 2018, is deemed to have been timely filed.

SIGNED December 17, 2018.

JOHN McBRYDE
United States District Judge